Mary Jo O'Neill, AZ Bar No. 005924
Sally C. Shanley, AZ Bar No. 012251
Michelle G. Marshall, AZ Bar No. 017358
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION, Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-2504
Telephone: (602) 640-5020
Fax: (602) 640-5009
Emails: mary.oneill@eeoc.gov
        sally.shanley@eeoc.gov
        michelle.marshall@eeoc.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> SUNWEST FEDERAL CREDIT UNION, A Federally Chartered Credit Union, <br><br> Defendant. | Case No.: <br><br> COMPLAINT <br><br> (JURY TRIAL DEMANDED) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and provide appropriate relief due to Marlene Wight and a class of women as a result of such unlawful practices. The Commission alleges that Sunwest Federal Credit Union (hereinafter "Defendant") discriminated against Marlene Wight and a class of women by subjecting them to sexual and gender-based harassment. The Commission further alleges that Defendant discriminated against Ms. Wight in retaliation for complaining about the harassment by further harassing and then terminating her.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona, Phoenix Division.

## PARTIES

2.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

3.      At all relevant times, Defendant has continuously been a federally chartered credit union doing business in the State of Arizona and has continuously had at least 15 employees.

4.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

5.      More than thirty days prior to the institution of this lawsuit, Marlene Wight filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

6.      Since at least January 2004, Defendant has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These unlawful employment practices include, but are not limited to:

        a.      A manager leering at and touching female employees without their consent;

       b.     A manager referring to himself as a "babe magnet;"

       c.     A manager regularly referring to women as "bitches;" and

       d.     A manager yelling at, demeaning and intimidating female employees.

7.     Since at least January 2004, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3, by retaliating against Ms. Wight by further harassing her and then discharging her from her employment after she made complaints about the hostile work environment.  These unlawful employment practices include, but are not limited to:

       a.     A manager telling Ms. Wight, "You will not cost me my job.  I will take you out," and "I am your executioner, I have my executioner's hood on and I'm ready to take your head off;"

       b.     A manager changing Ms. Wight's job title and giving her unrealistic goals to meet; and

       c.     Defendant disciplining and discharging Ms. Wight.

8.     The effect of the practice(s) complained of in paragraphs 6 and 7 has been to deprive Marlene Wight and a class of women of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female.

9.     The unlawful employment practices complained of in paragraphs 6 and 7 were intentional.

10.     The unlawful employment practices complained of in paragraphs 6 and 7 were done with malice or with reckless indifference to the federally protected rights of Ms. Wight and a class of women.

## **PRAYER FOR RELIEF**

Wherefore, the Commission requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from

engaging in the harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

  B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates or retaliates against any individual because of the individual's opposition to perceived unlawful employment practices and/or because the individual filed a charge, testified, assisted or participated in an investigation or proceeding under Title VII.

  C. Order Defendant to make whole Marlene Wight by providing backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful place reinstatement or front pay.

  D. Order Defendant to make whole Marlene Wight and a class of women by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 6 above, and make whole Marlene Wight by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 7, in amounts to be determined at trial.

  E. Order Defendant to make whole Marlene Wight and a class of women by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 6 above, and make whole Marlene Wight by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 7, including but not limited to emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order Defendant to pay Marlene Wight and a class of women punitive damages for its malicious and/or reckless conduct described in paragraph 6 above, and pay Marlene Wight punitive damages for its malicious and/or reckless conduct described in paragraph 7, in an amount to be determined at trial.

G. Grant such further relief as this Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 22nd day of September, 2006.

    RONALD S. COOPER
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    EQUAL EMPLOYMENT
    OPPORTUNITYCOMMISSION
    1801 L Street, NW
    Washington, D.C.  20507


    s/ Mary Jo O'Neill
    MARY JO O'NEILL
    Regional Attorney

    s/ Sally C. Shanley
    SALLY C. SHANLEY
    Supervisory Trial Attorney


    s/ Michelle G. Marshall
    MICHELLE G. MARSHALL
    Trial Attorney

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    Phoenix District Office
    3300 N. Central Ave.
    Suite 690
    Phoenix, Arizona 85012

    Attorneys for Plaintiff