Mary Jo O'Neill, AZ Bar No. 005294
Sally C. Shanley, AZ Bar No. 012251
Michelle G. Marshall, AZ Bar No. 017358
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012-2504
Telephone: (602) 640-5020
Fax: (602) 640-5009
E-Mail: mary.oneill@eeoc.gov
        sally.shanley@eeoc.gov
        michelle.marshall@eeoc.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs.<br><br>SUNWEST FEDERAL CREDIT UNION, a federally chartered credit union,<br><br>Defendants. | Case No. CV06-2284-PHX-SRB<br><br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against SunWest Federal Credit Union ("SunWest" or "Defendant") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. In its Complaint, the Commission alleged Defendant discriminated against Marlene Wight and a class of women by subjecting them to sexual and gender-based harassment. The Commission further alleged that Defendant discriminated against Ms. Wight in retaliation for complaining about the harassment by further harassing and then terminating her. Ms. Wight moved to intervene as a plaintiff in this case on November 29, 2006. The Court granted leave for Ms. Wight to intervene on December 21, 2006.

QBPHX\2118082.2

SunWest denied, and continues to deny, that it discriminated against Ms. Wight and/or a class of women by subjecting them to sexual and gender-based harassment. SunWest also denied, and continues to deny, that it discriminated against Ms. Wight in retaliation for complaining about harassment. Notwithstanding the foregoing, SunWest desires to resolve this matter in a cost-effective and efficient manner, and has agreed to enter into this Consent Decree.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law. In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.

It is hereby ORDERED, ADJUDGED, and DECREED:

1. This Decree resolves all claims of the Commission and Ms. Wight and any alleged class member against Defendant, including, but not limited to, back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs arising out of the issues in this lawsuit.

## INJUNCTION

2. Defendant, and its officers, agents, employees, successors, and assigns, are permanently enjoined for the duration of the decree from (a) sexually harassing any SunWest employee and (b) retaliating against any SunWest employee because he or she (i) opposed discriminatory practices made unlawful by Title VII, (ii) filed a charge or is assisting or participating in the filing of a charge of sexual harassment, or (iii) assisted or participated in an investigation or proceeding brought under Title VII.

## MONETARY RELIEF

3. Judgment is entered in favor of the Commission and Ms. Wight and against Defendant in the amount of Two Hundred Fifty Thousand dollars ($250,000). Defendant shall pay the gross sum of $250,000 to be distributed among Ms. Wight and the identified class member as set forth in Attachment A. The $250,000 is to be paid to the individuals

in Attachment A within six business days after the Parties receive notice that this Consent Decree has been entered by the Court.

4. In accordance with the distribution set forth in Attachment A, Defendant shall pay $31,100.84 of the total amount owed to Ms. Wight directly to the law firm of Martin & Bonnett, PLLC in settlement of Ms. Wight's attorneys' fees.

5. Defendant shall pay the settlement amount separately to each class member by check, cashier's check, or money order, in accordance with Paragraph Six of this Decree. Except as otherwise designated, these payments represent settlement of compensatory damages. The Defendant will issue IRS 1099 forms for all payments, except that portion designated as wages, for which it will issue Ms. Wight IRS Form W-2.

6. The checks provided for in Paragraph Five of this Decree shall be mailed directly by Defendant to each class member at the addresses supplied by the Commission. Within three business days of issuance of the checks, Defendant shall submit a copy of each check and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012. Defendant shall also submit to the Regional Attorney a copy of each recipient's canceled check within ten business days of the cancellation of the check.

## OTHER RELIEF

7. Defendant shall expunge from the personnel files of each class member all references to the charges of discrimination filed against Defendant or their participation in this action, derogatory documents that relate to complaints, or investigation of complaints of sexual harassment, including, but not limited to, expunging Ms. Wight's termination and noting in all personnel records that her departure was a voluntary resignation effective August 31, 2004.

8. Defendant shall provide each class member in Attachment A with a positive written employment reference and shall provide dates of employment, position(s) held, and salary information when references are requested by the prospective employer of a class member in Attachment A.

QBPHX\2118082.4

9. Defendant shall institute and carry out policies and practices that help assure a work environment free from sexual harassment of its employees and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived, or actual, made unlawful by Title VII. To assist Defendant in its efforts to assure a work environment free of sexual harassment and retaliation, Defendant shall take the actions provided in Paragraphs Ten through Twenty-One of this Decree.

## DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

10. Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at its facilities, the notice attached as Attachment B. The notice shall be the same type, style, and size as Attachment B.

11. Defendant shall provide training on sexual/gender harassment and retaliation, according to the following terms:

A. Defendant shall retain and pay for a consultant/lecturer who shall provide consultation and training for a period of two (2) years from the date of this Decree. During each of the next two years, the consultant/lecturer shall conduct one live seminar training session each year. Defendant has identified Ginny McMinn, McMinn HR as its consultant/trainer. If Ms. McMinn is not available, Defendant will obtain the EEOC's approval for a replacement. The live session in year one shall be for taping purposes and the live sessions in year two will be for executives and top management. All Defendant employees shall attend the seminar session or the videotaped showing of the live session in each of the two years. Defendant may, at its election, have duplicative videotaped sessions to accommodate staffing needs. Defendant shall be responsible for any additional costs to provide such duplicative sessions. Ms. McMinn and/or the Outside Consultant identified in Paragraph Thirteen of this Decree will attend and help facilitate the videotaped sessions.

B. During the first year, 2007, the seminar-training session shall be conducted within four (4) months of the entry of this Decree. For the second year, the seminar-training session shall be conducted between ten (10) and thirteen (13) months after the completion of the preceding session.

C.  The seminar-training sessions shall be no less than ninety (90) minutes, plus fifteen (15) to thirty (30) minutes of questions and answers. All personnel designated in Paragraph Eleven-A, shall both register and attend the seminar-training session. The registry of attendance shall be retained by Defendant for the duration of the Decree.

D.  The seminars shall include the subject of what constitutes sexual harassment and retaliation; that sexual harassment and retaliation in the hiring, firing, compensation, assignment, or other terms, conditions, or privileges of employment, violates Title VII; how to prevent sexual harassment and retaliation; how to provide a work environment free from sexual harassment and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to sexual or gender harassment or retaliation in the workplace, including to whom and by what means employees may complain if they feel that an officer, executive, or Board Member of the company is or has subjected them to sexual or gender harassment or retaliation. The session shall also review and explain Defendant's policies set out in Paragraph Fifteen of this Decree.

E.  During the live training session, Defendant's CEO shall speak to the employees about the discipline that can be taken against officers, supervisors, managers, and employees of Defendant who commit acts of sexual or gender harassment or retaliation or allow sexual or gender harassment or retaliation to occur in the workplace, the importance of maintaining an environment free of sexual or gender harassment and retaliation, and Defendant's policy in regard to sexual or gender harassment and retaliation referred to in Paragraph Fifteen of this Decree.

12.  The Commission, at its discretion, may designate Commission representatives to attend and participate in the seminar-training sessions, and the representatives shall have the right to attend and fully participate in the sessions. The EEOC will provide Defendant reasonable notice of its intent to attend the training session.

13. Defendant shall retain for the duration of this Consent Decree an organization or person(s) external to Defendant (the "Outside Consultant") as an alternative source to receive and forward complaints of discrimination from its employees.

14. Defendant shall hire the Outside Consultant whose responsibilities shall include but need not be limited to administration of this Consent Decree and accepting complaints from any other individuals who believe they have been subjected to sexual or gender harassment or retaliation. The Outside Consultant shall report directly to Defendant's CEO and/or Board. This position shall be filled for duration of this Consent Decree.

The Outside Consultant shall also be responsible for:

- Consulting with Defendant to assist Defendant in compliance with anti-discrimination laws; compliance with minimum standards under the EEOC Guidance: Vicarious Liability for Supervisory Harassment (June 1999); and any other applicable guidance of guidelines of the EEOC; effectiveness of policies and procedures regarding sexual/gender harassment and retaliation; effectiveness of training required under Paragraph Thirteen of this Consent Decree;
- Certifying Defendant's compliance with this Consent Decree in each semi-annual report;
- Reviewing and consulting on any investigations of discrimination, harassment, or retaliation, unlawful under any laws enforced by the EEOC.

15. Within sixty (60) days of the entry of this decree, Defendant shall revise its written policy concerning sexual/gender harassment and retaliation and shall submit the policy for review to the Regional Attorney of the Phoenix District Office of the EEOC. This written policy must include, at a minimum:

   A. A strong and clear commitment to a workplace free of sexual/gender discrimination and retaliation;

QBPHX\2118082.4

B. Clear and complete definitions of sexual/gender harassment, both quid pro quo and environmental, and retaliation, with relevant examples;

C. A clear and strong encouragement of persons who believe they have been harassed or retaliated against to come forward;

D. A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

E. A promise of maximum feasible confidentiality for persons who believe that they have been harassed or retaliated against;

F. An assurance of non-retaliation for witnesses of sexual harassment and persons who believe they have been sexually harassed;

G. That sexual/gender harassment by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers is prohibited and will not be tolerated;

H. The identification of specific individuals, internal and external to Defendant, with their telephone numbers, to whom employees who have been harassed on the basis of their sex or gender, or retaliated against, can report the problem, including a written statement that the employee may report to designated persons outside their chain of management;

I. That employees are not to discuss sexual conduct and/or sexual jokes while at work;

J. That no sexually-oriented materials or objects shall be brought on the premises of Defendant;

K. That physical contact between employees that may be construed as sexual is prohibited on the premises of Defendant;

L. Assurances that Defendant will investigate sexual/gender harassment and retaliation allegations promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the sexual/gender harassment and retaliation.

QBPHX\2118082.4

These policies shall be transmitted by Defendant's CEO and distributed to each current employee at the time of the first training conducted pursuant to Paragraph 11 above (within four (4) months of the entry of this Decree). These policies shall be distributed to all new employees when hired and reissued to each employee once a year for the term of this Decree. These policies also shall be posted in a prominent place frequented by the employees.

16. For each supervisor who receives a complaint of sexual harassment, gender discrimination, or retaliation, that supervisor's annual performance evaluation shall address whether the supervisor handled such complaint(s) appropriately. The failure of such an employee to enforce the sexual harassment and anti-retaliation policy must result in disciplinary action.

17. Defendant shall promptly and appropriately investigate all complaints of sexual/gender harassment and/or retaliation. The investigation must include a finding of whether sexual/gender harassment and/or retaliation occurred or alternatively, that the complaint could not be substantiated; a credibility assessment, if necessary; interviews of all potential victims and witnesses identified; and concurrent notes of the investigation. Defendant shall take immediate appropriate corrective action to make sexual/gender harassment and/or retaliation victims whole, to discipline harassers and retaliators, and to eradicate the sexual/gender harassment and/or retaliation. As part of Defendant's investigation when any employee brings allegations of sexual/gender harassment and/or retaliation against Defendant's personnel, formal or informal, including but not limited to, allegations regarding management officials, vendors, agents, employees, and/or customers, Defendant will provide information to the complaining individual regarding that person's right to report such allegations to the EEOC or the Arizona Civil Rights Division ("ACRD"), and provide the individual with contact information for the EEOC and ACRD.

18. Defendant shall not retain documents related to the investigation in any of the victims' personnel files. All disciplinary actions taken against employees for violation of Defendant's sexual/gender harassment and/or anti-retaliation policy will be

retained in the harasser's personnel file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged harasser's personnel file.

19. Defendant shall inform its regular vendors and suppliers, including agencies providing temporary employees, of its sexual/gender harassment and/or anti-retaliation policy and that failure to conform to the policy may result in prohibitions from conducting business with Defendant and on its premises.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

20. Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona 85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree, the following information:

    A.    Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of sexual/gender harassment and/or retaliation;

    B.    The registry of persons attending the seminar required in Paragraph Eleven of this Decree and a list of personnel employed by Defendant on the day of the seminar-training session;

    C.    Confirmation that (i) the Notice required in Paragraph Ten of this Decree was posted and the locations in which it was posted, (ii) the policies required in Paragraph Fifteen of this Decree were posted and distributed to each current and new employee, and (iii) the expungement from the class members' personnel files required in Paragraph Seven of this Decree took place, the date of the expungement, and the specific documents expunged; and

    D.    A copy of the revised policy required in Paragraph Fifteen of this Decree.

QBPHX\2118082.4

21. The Commission, upon reasonable notice, shall have the right to enter and inspect Defendant's premises to ensure compliance with this Consent Decree and Title VII's prohibition of sexual/gender harassment and retaliation.

## COSTS AND DURATION

22. Each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree, except as expressly provided herein.

23. The duration of this Decree shall be two (2) years from its entry. This Court shall retain jurisdiction over this action for the duration of the Decree.

   A. In the event the Commission believes that Defendant is not in compliance with any term of this Decree, the Commission will provide Defendant with a written notice of the alleged non-compliance and give Defendant thirty (30) days in which to cure the alleged non-compliance, if curable, or to convince the Commission that Defendant is in compliance with the Decree. If Defendant fails to cure the alleged non-compliance or convince the Commission that it is in compliance within the thirty (30) day cure period, the Commission may petition the Court for compliance with this Decree. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such a period as may be necessary to remedy Defendant's non-compliance, may be ordered. This Decree shall expire by its own terms at the end of twenty-four (24) months from the date of entry, without further action by the parties.

24. The Parties' intent in entering this Consent Decree is to allow only the EEOC and the Plaintiff Intervenor the right to and/or ability to petition the Court for compliance with and/or enforcement of the terms of this Decree, as set forth in Paragraph 23.

25. The parties agree to entry of this Consent Decree and judgment subject to final approval by the Court.

. . .

. . .

. . .

QBPHX\2118082.4

ENTERED AND ORDERED this __11__ day of __Dec__, 200__7__.

_____
Honorable Susan R. Bolton
United States District Judge

APPROVED AND CONSENTED TO:

SUNWEST FEDERAL CREDIT UNION

_____
RANDALL D. BETTIS
President/CEO

_____
ROBERT K. JONES
DAWN C. VALDIVIA
DEANNA R. RADER

QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004-2391
Telephone (602) 229-5375
Attorneys for Defendant SunWest Federal Credit Union

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, NW
Washington, D.C. 20507

_____
MARY JO O'NEILL
Regional Attorney

_____
SALLY C. SHANLEY
MICHELLE G. MARSHALL
Trial Attorneys

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone (602) 640-5046
Attorneys for Plaintiff

_____
MARLENE WIGHT
Plaintiff-Intervenor

QBPHX\2118082.4

*[signature]*
Attorney for Plaintiff-Intervenor
SUSAN MARTIN
DANIEL L. BONNETT
JENNIFER L. KROLL

MARTIN & BONNETT PLLC
3300 N. Central Avenue, Suite 1720
Phoenix, AZ 85012-2517
Telephone (602) 240-6900
Attorneys for Plaintiff-Intervener
Marlene Wight

QBPHX\2118082.4

## ATTACHMENT A

| CLASS MEMBER NAME | AMOUNT |
| --- | --- |
| 1. Marlene Wight | $ 230,000 ($100,000 of which is allocated as compensatory damages for physical pain and suffering and mental anguish associated with emotional distress; $130,000 of which is allocated as backpay and is considered taxable as wages). Defendant will subtract $31,100.84 of the $130,000 in backpay and will pay this sum directly to the law firm of Martin & Bonnett, PLLC in settlement of Ms. Wight's attorneys' fees.) |
| 2. Kelly Kenny | $ 20,000 (all of which is allocated as compensatory damages for physical pain and suffering and mental anguish associated with emotional distress.) |
| **TOTAL** | $250,000 |

ATTACHMENT B

# NOTICE TO ALL EMPLOYEES OF
# SUNWEST FEDERAL CREDIT UNION

It is unlawful under federal law, Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of sex in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC or the Arizona Civil Rights Division (ACRD).

An employer shall not discriminate against any employee on the basis of sex, and shall not retaliate against any employee for complaining about discrimination.

If you believe you have been discriminated against or retaliated against, we encourage you to report such conduct to any SunWest manager or supervisor, or to Human Resources. You also have the right to seek assistance from:

(1) EEOC
3300 North Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5000
TTY: (602) 640-5072
Website (national): www.eeoc.gov; or

(2) Arizona Civil Rights Division (ACRD)
Attorney General's Office
1275 W. Washington
Phoenix, Arizona, 85007
(602) 255-5263.

You have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against or retaliated against.

## ATTACHMENT B

**No Retaliation Clause.** It is against the law for any action to be taken against you by any supervisory or management official for: (1) opposing discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII. Should any such retaliatory actions be taken against you, you should immediately contact any SunWest manager or supervisor, or Human Resources. You also have the right to contact the EEOC or the ACRD to file a charge of retaliation at the addresses or telephone numbers listed above.